IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                                No. CR-03-1890 JB

TOBY LEE,

        Defendant.

## ORDER AND MEMORANDUM OPINION

**THIS MATTER** comes before the Court on Defendant Toby Lee's Motion to Review Conditions of Release, filed January 21, 2004 (Doc. No. 89). The Court held a hearing on this matter on January 30, 2004. The issue is whether the Court should overrule the United States Magistrate's order incarcerating Lee until trial. Because the Court finds that Lee is both a flight risk and a danger to the community, the Court will deny Lee's motion to review his conditions of release and affirm Judge Garcia's detention order.

## FACTUAL BACKGROUND

This case originated from an investigation involving the interception of communications, pursuant to 18 U.S.C. §§ 2516 and 2518. During the course of the investigation, which lasted approximately ten months, Drug Enforcement Administration ("DEA") agents compiled evidence against Lee. According to the evidence, the DEA intercepted Lee in numerous telephone conversations with co-Defendant, Jose Nunez-Cabrera, discussing the purchase and distribution of large quantities of crack cocaine.

On September 25, 2002, Lee, along with co-defendant Denise Ellis, was arrested and found

to be in possession of 205 net grams of crack cocaine, 64% pure. Throughout the course of the investigation, it became evident to DEA agents that Lee was a local crack cocaine dealer who sold multiple ounce quantities.

## PROCEDURAL BACKGROUND

On September 26, 2003, a Federal Court Jury indicted Lee for conspiracy to distribute a controlled substance and possession with intent to distribute a controlled substance, in violation of 21 U.S.C. § 841(a)(1) and § 841(b)(1)(A). He was also charged with aiding and abetting. An arrest warrant was issued after the indictment was returned. The arrest warrant was outstanding until on or about November 25, 2003, when Lee was arrested. On November 26, 2003, the Honorable Lorenzo F. Garcia, Chief United States Magistrate, heard argument and ordered Lee detained pending trial because he was a danger to the community.

If there is new evidence that could have a material bearing on the propriety of detention, the procedure that the statute, see 18 U.S.C. § § 3142(f), and the United States Court of Appeals for the Tenth Circuit have mandated is for Lee to present the new evidence to the "same judicial officer who entered the initial order," United States v. Cisneros, 328 F.3d 610, 614 (10th Cir. 2003), which in this case would be Judge Garcia. In United States v. Cisneros, the Tenth Circuit spelled out the "two avenues through which a release or detention order can be reconsidered prior to review on appeal by a court of appeals": reconsideration under § 3142(f) and review by the presiding district judge under § § 3145(a) and (b). United States v. Cisneros, 328 F.3d at 614. Review by the presiding district judge does not require that new information be available. See id. Reconsideration under § 3142(f), however, must not only be justified by new, material information, but the reconsideration must also be heard "by the same judicial officer who entered the initial order." United

States v. Cisneros, 328 F.3d at 614. This straightforward reading of the statute serves the salutary purpose of preventing "judge shopping" by either party and prevents magistrate judges from being placed in the uncomfortable position of second-guessing their fellow magistrate judges, or district judges of second-guessing magistrates with information that the magistrates did not have.

Lee's motion did not specify whether he was filing under § 3142 or under § 3145. At the hearing on this matter, Lee requested that the Court consider the motion under § 3145 and allow the parties to present new evidence. The Government did not object to consideration of the motion under § 3145, and the Court proceeded to hear new evidence in this matter.

## LEGAL ANALYSIS

The Court considers Lee both a flight risk and a danger to the community and will not, therefore, second-guess Judge Garcia's decision.

### A. Lee Cannot Rebut the Presumption of Dangerousness and Risk of Flight.

A rebuttable presumption of both dangerousness and risk of flight arises when: (i) a defendant is charged with a felony drug offense that carries a maximum term of imprisonment of ten years or more; and (ii) the judicial officer finds probable cause to believe that the defendant committed the offense charged. See 18 U.S.C. § 3142(e). Although the burden of persuasion regarding risk of flight and dangerousness remains with the government, the burden of production shifts to the defendant. See United States v. Stricklin, 932 F.2d 1353, 1354-55 (10th Cir. 1991). The defendant must produce some evidence to rebut the presumption in favor of detention. See id. at 1355. But even if the defendant meets the burden of production, the presumption remains a factor for consideration by the court. See id.

In this case, the presumption in favor of detention applies. There is a presumption that Lee

is both a risk of flight and a danger to the community. Lee has not rebutted that presumption. He has not produced evidence that suggests he did not commit the crimes with which he is charged.

### 1. The Case Against Lee is Very Strong.

There is strong evidence that Lee was involved in numerous drug transactions involving crack cocaine. He was identified as a significant distributor of crack cocaine in the Albuquerque area. The weight of the evidence is against Lee.

### 2. Lee Now Stands Indicted for a Drug Offense Which Carries a Maximum Penalty of Ten Years or More.

The Court must consider the nature and seriousness of the transaction with which Lee is charged. See 18 U.S.C. § § 3142(g)(listing factors to be considered), (g)(1) (nature of offense: narcotic drug offense), (g)(4)(weight of evidence), (g)(4)(nature and seriousness of danger). Lee now stands indicted for a drug offense which carries a maximum penalty of ten years or more. See United States v. Stricklin, 932 F.2d at 1355 (grand jury indictment for 10 year federal drug offense sufficient to invoke presumption).

### 3. There is Evidence that Lee is a Danger to the Community.

Even without the presumption, there is evidence that Lee is a danger to the community. Lee was involved in several drug transactions and discussions about future drug transactions with co-defendant Nunez-Cabrera. Lee has not presented evidence to rebut the presumption in favor of detention as enumerated in 18 U.S.C. § 3142(e). Lee is a harm or danger to the community.

In his motion, Lee points out that he has no significant prior involvement with the law. In his mother's letter to the Court, she also states that "this is Toby's first offense and that he has no prior criminal record. The Court also heard from Lee's mother, Rose Lee Louis at the hearing on this

matter. While she is now aware of Lee's criminal history, Louis maintains that he does not present a danger to the community. The Court disagrees. Indeed, one of the factors suggesting to the Court danger to the community is Lee's arrest/conviction history, including weapons related offenses and domestic violence. In 1993, Lee was charged in Albuquerque with: (i) eluding an officer (2 counts); and (ii) negligent use of a firearm. Lee pled guilty to eluding, and on March 16, 1994, the Bernalillo County Metropolitan Court placed him on 1 year unsupervised probation.

About a year later, Lee was charged with domestic battery against Ellis. Two months later, he was charged with possession of marijuana, a charge to which he pled guilty. Judgment was deferred, and in 1997, he was charged again with possession of marijuana. Again, he pled guilty. In 1999, he again was charged with possession of marijuana.

In October, 2002, state officials charged Lee with distribution of a controlled substance. While the state did not prosecute these charges, indicating that it would refile at a later date, the charges in state were related to the offense at issue here.

Lee also has a history of unresolved substance abuse issues.

Finally, the Government presented new evidence at the hearing on this motion that further suggests Lee is a danger to the community by offering the testimony of DEA agent Tim Davis. Specifically, during the execution of a search warrant at Lee's home in November 2003, Davis discovered a quantity of marijuana in plain view and some photographs of Lee and his associates. Based on Davis' training and experience, and information from the Albuquerque Police Department, Davis testified that the clothing worn by Lee in the photographs suggest he is a member of the Crips street gang.

### 4.     Lee is a Flight Risk.

There are at least three factors indicating that he is a risk of non-appearance. First, Lee's history is one of lack of long term stable employment. Second, he has had prior failures to appear for court. Third, he has a prior eluding an officer conviction.

At the time of his arrest, Lee was an employee at Baillo's, and had been for four months. His job is still available. He earned $1400 per month. However, Lee reported that he has been employed there only since July 2003, after he was first arrested by the state for the incident at issue. Before that, October 2002-July 2003, he worked as a temporary services worker for Snelling Temporary Staffing. He listed no other formal employment history. Lee is 29. He has $5 in cash, $1100 in savings and a car; his rent and utilities run about $900 per month. He has been at his current address 5 months, apparently living with Ellis.

In his motion, Lee states that he has strong ties to the community. His motion also states that, upon information and belief, he is a native-born Albuquerquean. Pre-Trial Services, however, suggests he was born in St. Paul, Minnesota. One of his siblings is in St. Paul; one sibling is incarcerated. Lee resided in St. Paul for about 4 years and in Amarillo, Texas for another.

Bernalillo County Metropolitan Court records indicate that Lee failed to appear for court on four occasions in traffic related matters.

### B.     Under the Bail Reform Act of 1984, No Condition or Combination of Conditions Will Reasonably Assure Lee's Appearance and the Safety of any Other Person and the Community.

Lee argues that he would be an excellent candidate for electronic monitoring/third party custodian by his mother or, alternatively, La Pasada Halfway House. Lee's mother, Rose Lee Louis is 54 years old and has advised Pre-Trial Services that she is a self-employed cosmetologist. She

reported that she has resided in Albuquerque over the past 20 years. She owns a pistol. Lee described three times weekly contact with his mother. Louis expressed support for Lee and advised of a willingness to assist with any imposed conditions of release. During her testimony at the hearing on this motion, Louis assured the Court that she would be able to maintain control over her son and would report immediately any violations of his conditions of release.

Lee has not been under the supervision of his mother recently. Until she appeared in Court for this hearing, Louis was not aware of Lee's prior criminal history. His mother does not appear to be the person that could assure the Court that he will not distribute drugs or that he will appear at court. And the Court is also not convinced that a halfway house would prevent Lee from selling drugs.

The Court will deny Lee's motion for pre-trial release.

**IT IS ORDERED** that the Defendant Toby Lee's Motion to Reconsider Conditions of Release is denied.

_____
UNITED STATES DISTRICT JUDGE

Counsel:

David C. Iglesias
  United States Attorney
Erlinda V. Ocampo
   Assistant United States Attorney
Albuquerque, New Mexico

*Counsel for the United States*

Jerry Daniel Herrera
Albuquerque, New Mexico

    *Counsel for Toby Lee*