# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

        Plaintiff,

vs.                                                                                   No. CR 03-1890 JB

JOSE MORALES-GONZALES,

        Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the United States' Motion to Vacate Competency Hearing Scheduled January 18, 2005, filed January 13, 2005 (Doc. 270). The issue is whether the Court may hold the competency hearing more than four months after the Court commits a Defendant to the Attorney General's custody for a competency evaluation. Because Defendant Jose Morales-Gonzales is not available for a hearing in Albuquerque on January 18, 2005, and the law does not require the hearing be held within the four months allowed for the Attorney General to evaluate him, the Court will grant the motion and continue the hearing.

## PROCEDURAL BACKGROUND

On September 21, 2004, the Court entered an Order finding Defendant Jose Morales-Gonzales incompetent to stand trial. See Memorandum Opinion and Order (Doc. 107). After the September 20, 2004 hearing, the Court ordered, pursuant to 18 U.S.C. § 4241(d)(1), the defendant committed to the Attorney General's custody for a reasonable period of time not to exceed four months. Morales-Gonzales was ordered into the United States Marshal Service's custody immediately after the September 20th hearing.

Some time after the hearing, the United States Marshal transferred Morales-Gonzales to the custody of FCI Butner for a competency evaluation. On January 13, 2005, the United States Marshal Service advised the United States Attorney's Office that, although FCI Butner completed the competency evaluation, Morales-Gonzales was in transit back to New Mexico and would not be available for a hearing on January 18, 2005. The Marshal Service has indicated that Morales-Gonzales will not be in Albuquerque until at least the first week of February. As of January 13, 2005 -- the day that the United States filed this motion -- the United States has yet to receive a copy of the competency evaluation report from FCI Butner. The United States requests that the Court enter an Order vacating the competency hearing currently scheduled for January 18, 2005. The United States also requests a reasonable period of time to prepare for the competency hearing.

Morales-Gonzales' counsel objects to a continuance of the January 18, 2005 competency hearing. She concedes, however, the substance of the motion is accurate and does not think that the hearing must occur in 120 days of the commitment to the Attorney General. She also does not wish to file a response or have argument.

## 18 U.S.C. § 4241

18 U.S.C. § 4241(d)(1) requires the Court to commit the defendant to the Attorney General's custody for an evaluation to be conducted during a reasonable time not to exceed four months. Section 4241(d)(1) does not, however, expressly require that the Court hold the hearing on the competency evaluation within four months. 18 U.S.C. § 4241(e) provides guidance on this issue. Section 4241(e) states:

> When the director of the facility in which a defendant is hospitalized pursuant to subsection (d) determines that the defendant has recovered to such an extent that he is able to understand the nature and consequences of the proceedings against him and

to assist properly in his defense, he shall promptly file a certificate to that effect with the clerk of the court that ordered the commitment. The clerk shall send a copy of the certificate to the defendant's counsel and to the attorney for the Government. The court shall hold a hearing, conducted pursuant to the provisions of section 4247(d), to determine the competency of the defendant. If, after the hearing, the court finds by a preponderance of the evidence that the defendant has recovered to such an extent that he is able to understand the nature and consequences of the proceedings against him and to assist properly in his defense, the court shall order his immediate discharge from the facility in which he is hospitalized and shall set the date for trial. Upon discharge, the defendant is subject to the provisions of chapter 207.

Subsection (e) does not mandate that the Court hold a hearing within four months. Rather, it states that, upon the Bureau of Prisons' completion of the competency evaluation, the Court is to hold a hearing to determine the defendant's competency. Had Congress intended for the Court to hold the hearing within the four month period allowed the Attorney General to conduct the mental evaluation, it would have so stated in subsection (e).

## ANALYSIS

Morales-Gonzales is not available. A continuance of the competency hearing is necessary to allow the parties time to adequately prepare for a competency hearing. The Court does not have much option but to vacate the hearing, and the law does not preclude a continuance.

**IT IS ORDERED** that the United States' Motion to Vacate Competency Hearing Scheduled January 18, 2005 is granted, and the January 18, 2005 competency hearing is vacated until such time as the report of the mental evaluation and the Defendant are available and counsel have had an opportunity to adequately prepare for a hearing.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

David C. Iglesias
  United States Attorney
    for the District of New Mexico
Erlinda O. Johnson
  Assistant United States Attorney
Albuquerque, New Mexico

> *Attorneys for the United States*

Dorothy Sanchez
Albuquerque, New Mexico

> *Attorney for the Defendant*