IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

       Plaintiff,

vs.                                                                          No. CR 03-01890 JB

GERALD MARCOS TRUJILLO,

       Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Defendant's Objection to Pre-Sentence Report, filed January 7, 2005 (Doc. 266).  The issue is whether Defendant Gerald Marcos Trujillo is accountable for 10.5 grams or 10.5 ounces of cocaine.  Consistent with the Court's ruling at the hearing on this motion, and for the reasons given at the time of the hearing, the Court will sustain the Defendant's objection and modify the Pre-Sentence Report ("PSR") to reflect the amount of cocaine base attributable to the Defendant to be 10.5 grams.

## PROCEDURAL BACKGROUND

The PSR concludes that Trujillo is accountable for 297.6 grams of cocaine base.  Pursuant to United States Sentencing Guidelines ("U.S.S.G.") § 2D1.1(c)(3), the PSR assigns the Defendant a base offense level of 34.  The PSR writer based this drug quantity conclusion on a conversation between Trujillo and co-Defendant Jose I. Nunez-Cabrera set forth in paragraph 81 of the PSR, which reads in pertinent part:

> After a short meeting with Nunez, Trujillo departed the apartment parking lot. Trujillo then called Nunez and stated, "You're not going to burn me this time." Nunez replied, "I'm just gonna give you the four grams you give me the hundred bucks."  After a period of arguing, Trujillo stated, "All those things in your pocket

weigh 10 . . . they are 1.5 each."  Nunez stated, "I just wanted seven."  Trujillo stated, "I thought you wanted seven of those little things[,]" and Nunez responded, "I don't sell things . . . you know that."  Based on the above conversation, agents determined this transaction between Nunez and Trujillo involved 10.5 ounces of crack cocaine (1.5 oz x 7 bags).

Defendant Gerald Trujillo objects to the PSR.  Specifically, Trujillo objects to the calculation of drug quality attributable to Trujillo.  Trujillo's counsel has discussed this matter with the United States, through its Assistant United States Attorney Erlinda Johnson, who in turn has discussed it with Mark Preussman, an agent involved in investigating this case.  Preussman has confirmed that it would be possible for the conversation between Trujillo and Nunez-Cabrera to be interpreted as involving 10.5 grams of cocaine base rather than ounces.  Trujillo has confirmed that the amount discussed was grams of cocaine, not ounces.

For these reasons, the United States, through its Assistant United States Attorney Erlinda Johnson, does not oppose an amendment to the PSR to reflect the amount of cocaine attributable to Trujillo to be 10.5 grams of cocaine base rather than 10.5 ounces.  Such an amendment would place Trujillo at a base offense level of 26 pursuant to U.S.S.G. § 2D1.1(c)(7).

## ANALYSIS

Trujillo contends that a proper reading of this conversation warrants the conclusion that the quantity discussed therein is no more than 10.5 grams rather than 10.5 ounces, because Nunez-Cabrera had the cocaine in his pocket.  Trujillo maintains that it would be unlikely that Nunez-Cabrera could have 10.5 ounces in his pocket.

Trujillo ran drug-related errands for Nunez-Cabrera.  Trujillo used and sold cocaine in small quantities that he received from Nunez-Cabrera.  At a hearing on a motion to suppress in another matter, an Albuquerque Police Department officer testified that a billiard-size ball was approximately

two ounces of cocaine.  See United States v. Perea, No. CR 032177, Transcript of Motion to Suppress at 21:5 - 22:15 (taken March 15, 2004).[1]  It seems more likely someone would be carrying around ten grams of cocaine in his pocket rather than an amount equal in size to several cue balls.

Also, Nunez-Cabrera indicates that he will give Trujillo "four grams" for $100.00.  In the portion of the conversation that has been provided to the Court, there is no mention of the word "ounces."  Moreover, the Office of National Drug Policy indicates that, although prices vary, a gram of powder cocaine goes for about $100.00.[2]  While Nunez-Cabrera's price quote appears below the market, there is no reason to think he was talking about ounces when discussing $100.00.

The Court agrees that it is a reasonable interpretation to conclude that the transaction involved grams.  Indeed, the Court finds it more reasonable to conclude it involved grams rather than ounces.  Accordingly, the Court finds by a preponderance of the evidence that the transaction in question involved 10.5 grams rather than 10.5 ounces and the base offense level should be 26.

**IT IS ORDERED** that Defendant's Objection to the Pre-Sentence Report is sustained and the Court hereby adjusts the Defendant's base offense level to a level 26 such that his Criminal History Category of III, and a three-level departure for acceptance of responsibility, the applicable sentencing guideline range is 57-71 months.

---

[1] The Court's citations to the transcript of the hearing refer to the Court Reporter's original, unedited version.  Any finalized transcript may contain slightly different page and/or line numbers.

[2] Office of National Drug Policy, Executive Office of the President, Pulse Check, Trends in Drug Abuse,  *available at* http://www.whitehousedrugpolicy.gov/publications/drugfact/pulsechk /nov02/pulse_nov02.pdf, at p. 44 (Nov. 2002).

_____
UNITED STATES DISTRICT JUDGE

Counsel:

David Iglesias
  United States Attorney
    for the District of New Mexico
Erlinda Johnson
  Assistant United States Attorney
Albuquerque, New Mexico

       *Attorneys for the Plaintiff*

Kirtan K. Khalsa
Albuquerque, New Mexico

       *Attorney for the Defendant*