IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                                                 No. CR 03-1890 JB

TOBY JEROME LEE

    Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendant Toby Jerome Lee's Sentencing Memorandum and Request to Allow Safety Valve Reduction From Sentencing Guidelines Advisory Set Forth in Presentence Investigation Report, filed January 31, 2005 (Doc. 289). The Court held a sentencing hearing on March 25, 2005. The primary issue is whether the safety valve reduction is available to Defendant Toby Jerome Lee. Consistent with the Court's ruling at the hearing, and for the reasons given at the sentencing, the Court will deny Lee's request for the safety valve reduction. The Court will, however, exercise its discretion under United States v. Booker, 543 U.S. ___, 125 S.Ct. 738 (2005), and sentence Lee to a term that, although it deviates from the Guidelines sentence, more effectively promotes the sentencing goals outlined in 18 U.S.C. § 3553(a).

## THE "SAFETY VALVE" EXCEPTION

Section 5C1.2 of the Guidelines provides an exception to the statutory minimum sentences under 21 U.S.C. §§ 841, 844, 846, 960, or 963. If a defendant meets certain criteria, a court will impose a Guideline sentence and not a statutory minimum sentence. See U.S.S.G. § 5C1.2(a). To receive the safety valve exception, the defendant must meet the following criteria:

>(1) the defendant does not have more than 1 criminal history point, as determined under the sentencing guidelines before application of subsection (b) of § 4A1.3 (Departures Based on Inadequacy of Criminal History Category);
>
>(2) the defendant did not use violence or credible threats of violence or possess a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;
>
>(3) the offense did not result in death or serious bodily injury to any person;
>
>(4) the defendant was not an organizer, leader, manager, or supervisor of others in the offense, as determined under the sentencing guidelines and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848; and
>
>(5) not later than the time of the sentencing hearing, the defendant has truthfully provided to the Government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan, but the fact that the defendant has no relevant or useful other information to provide or that the Government is already aware of the information shall not preclude a determination by the court that the defendant has complied with this requirement.

U.S.S.G. § 5C1.2(a). The Application Notes explain that: "'[M]ore than 1 criminal history point, as determined under the sentencing guidelines,' as used in subsection (a)(1), means more than one criminal history point as determined under § 4A1.1 (Criminal History Category) before application of subsection (b) of § 4A1.3 (Departures Based on Inadequacy of Criminal History Category)." U.S.S.G. § 5C1.2 n1. Thus, "a reduction of a defendant's criminal history category under § 4A1.3 is irrelevant to his eligibility for the safety valve provision." United States v. Villalobos-Reyes, No. 99-2307, 2000 U.S. App. LEXIS 3157, *5 (10th Cir. Mar. 1, 2000)(unpublished). See also United States v. Arciga, No. 03-7089, 105 Fed. Appx. 261, 264 (10th Cir. Aug. 2, 2004)(unpublished); United States v. Owensby, 188 F.3d 1244, 1246-47 (10th Cir. 1999).

### UNITED STATES v. BOOKER AND 18 U.S.C. § 3553(a)

In United States v. Booker, the Supreme Court of the United States held that its decision in

Blakely v. Washington, 542 U.S. ___, 124 S.Ct. 2531 (2004), applied to the federal Sentencing Guidelines. See United States v. Booker, 125 S.Ct. at 749 ("[T]here is no distinction of constitutional significance between the Federal Sentencing Guidelines and the Washington procedures at issue in [Blakely]."); id. at 755 ("[O]ur holding in Blakely applies to the Sentencing Guidelines."). Consequently, the Supreme Court held unconstitutional two provisions of the federal sentencing statute that made the Guidelines binding and mandatory on district courts assessing sentences, and held that they must be excised from the statute. See id. at 756-57, 764-65. Specifically, the Supreme Court excised 18 U.S.C. § 3553(b)(1), which made the Guidelines mandatory, and 18 U.S.C. § 3742(e), which set the standard of review of sentences on appeal, including the provision for de novo review of departures from the Guidelines. See United States v. Booker, 125 S.Ct. at 756-57, 764-65. The result is that the Guidelines remain in effect, but are advisory, not mandatory, and courts of appeal must review sentences for "unreasonableness." Id. at 757, 765-67, 769.

The Supreme Court left intact all other provisions of the Sentencing Reform Act, including 18 U.S.C. § 3553(a). See United States v. Booker, 125 S.Ct. at 757, 764-65. Section 3553(a) provides:

> The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider--
>
>   (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>
>   (2) the need for the sentence imposed--
>
>     (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>
>     (B) to afford adequate deterrence to criminal conduct;

-3-

    (C) to protect the public from further crimes of the defendant; and

    (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3) the kinds of sentences available;

(4) the kinds of sentence and the sentencing range established for--

    (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines--

        (i) issued by the Sentencing Commission pursuant to section 994(a)(1) of title 28, United States Code, subject to any amendments made to such guidelines by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and

        (ii) that, except as provided in section 3742(g), are in effect on the date the defendant is sentenced; . . .

\* \* \* \*

(5) any pertinent policy statement--

    (A) issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28, United States Code, subject to any amendments made to such policy statement by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and

    (B) that, except as provided in section 3742(g), is in effect on the date the defendant is sentenced.

(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7) the need to provide restitution to any victims of the offense.

18 U.S.C § 3553(a)(1)-(7).

    The Supreme Court in <u>United States v. Booker</u> noted that calculations under the Guidelines

were one of the factors that a sentencing court must consider under 18 U.S.C. § 3553(a) and that the sentencing court should take all those factors into account in fashioning a sentence within the statutorily provided sentence range. See United States v. Booker, 125 S.Ct. at 767. Section 3553(a) continues to require sentencing judges to take certain factors into account when imposing a sentence, including "the kinds of sentence and the sentencing range established" by the Guidelines. 18 U.S.C. § 3553(a)(4). The Supreme Court preserved "Congress' basic goal in passing the Sentencing Act [which] was to move the sentencing system in the direction of increased uniformity." United States v. Booker, 125 S.Ct. at 761. Sentencing systems that operate solely upon the principle of unguided discretion lack uniformity and accountability. See Blakely v. Washington, 124 S.Ct. at 2544-45 (O'Connor, J., dissenting).

Moreover, § 3553(c) of the Sentencing Reform Act, which Congress amended in 2003 to place limitations on departures from the Guidelines, also remains intact. The Sentencing Reform Act still requires sentencing judges to state in writing their reasons for departing from the Guidelines:

> The court, at the time of sentencing, shall state in open court the reasons for its imposition of the particular sentence, and, if the sentence--
>
> * * * *
>
> (2) . . . is outside the range, described in subsection (a)(4), the specific reason for the imposition of a sentence different from that described, which reasons must also be stated with specificity in the written order of judgment and commitment . . . .

18 U.S.C. § 3553(c)(2).

Taking into account this provision of 18 U.S.C. § 3553, a reasonable sentence under United States v. Booker is one that "reflect[s] the seriousness of the offense, promote[s] respect for the law, provide[s] just punishment, afford[s] adequate deterrence, protect[s] the public, and effectively

provide[s] the defendant with needed educational or vocational training and medical care." United States v. Booker, 125 S.Ct. at 765 (citing 18 U.S.C. § 3553(a)(2)).  A reasonable sentence is also one that takes into account "the pertinent Sentencing Commission policy statements, the need to avoid unwarranted sentencing disparities, and the need to provide restitution to victims." United States v. Booker, 125 S.Ct. at 764-65 (citing 18 U.S.C. §§ 3553(a)(1), (3), (5)-(7)). See 18 U.S.C. § 3553(a)(6)(directing the court to consider "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct").  Moreover, under United States v. Booker, the Guidelines form a useful starting point for the sentencing court's determinations, and the Supreme Court has required the sentencing court to consider the Guidelines along with the other factors under § 3553(a).  See United States v. Booker, 125 S.Ct. at 767.

## ANALYSIS

Based on Lee's offense level and criminal history, the Guidelines sentence range is 135 to 168 months.  To avoid sentencing disparity with a co-defendant of equal culpability and to more effectively promote the sentencing goals outlined in 18 U.S.C. § 3553(a), the Court exercises its discretion and deviates from the Guidelines sentence.  Because the Court concludes that the safety valve reduction is not available to Lee, the Court will deviate downward to the statutory minimum of 120 months.

**I.      THE DEFENDANT WILL RECEIVE A TWO-LEVEL ENHANCEMENT FOR BEING IN POSSESSION OF A FIREARM.**

Under § 2D1.1(b)(1), a defendant's offense level may be increased by two levels if the defendant possessed a firearm. "[F]or purposes of § 2D1.1(b)(1), once the government has met its initial burden of showing that a weapon 'was possessed,' the defendant must then show that it is clearly improbable that a weapon was not connected to the offense." United States v. Zavalza-Rodriguez, 379 F.3d 1182, 1187 (10th Cir. 2004). In this case, Lee admitted to owning the gun which was found in the car's console in which he was arrested. Lee admitted to Probation that he was the registered owner of the firearm and that he carried it for his protection. See Addendum to PSR ¶ 4, at 1 (approved November 15, 2004).[1] Moreover, the pistol and the narcotics were both located in the center console of the car. See PSR ¶ 116, at 29. In addition, Lee was sitting in the driver's seat next to the console, in close proximity to the firearm. See id. Thus, the Court finds that Lee possessed the firearm. Moreover, the Court cannot conclude that it is clearly improbable the pistol was not connected to Lee's drug trafficking offense. A sentencing enhancement of two levels, therefore, is warranted under § 2D1.1(b)(1).

**II.     THE DEFENDANT IS NOT ELIGIBLE FOR THE SAFETY VALVE REDUCTION.**

Under "§ 5C1.2 . . . the defendant's own conduct [must ] determin[e] whether the defendant has established by a preponderance of the evidence that the weapon was not possessed 'in connection

---

[1] At the sentencing hearing, the Court noted that Lee's statement to Probation came close to an admission or concession of the necessary finding that Lee "possessed" the gun for the purposes of § 2D1.1(b)(1). Lee's counsel responded that his client, Lee, has been very honest, and that this honesty has been problematic. See Transcript of Hearing at 9:3-10.

The Court's citations to the transcript of the hearing refer to the Court Reporter's original, unedited version. Any finalized transcript may contain slightly different page and/or line numbers.

with the offense.'"  Here, Lee admitted to owning the pistol and carrying it for his protection, and the pistol and the narcotics were both located in the center console of the car.  See PSR ¶ 116, at 29; Addendum to PSR ¶ 4, at 1.  Lee concedes that he is not eligible for the safety valve reduction because of the firearm.  See Defendant's Sentencing Memorandum ¶ 7, at 2.  Moreover, the United States contends that Lee is also ineligible for the safety valve because he did not provide to the United States all information concerning the offense.  See U.S.S.G. § 5C1.2(a)(5).  The Court concludes that the two-level reduction under the safety valve provision does not apply.  See U.S.S.G. § 5C1.2(a)(2).

Nevertheless, Lee requests that this Court, under United States v. Booker, exercise its discretion and make the safety valve reduction available.  Although a court now has discretion to deviate from the Guidelines sentence, it cannot prescribe a sentence that is lower than any applicable statutory minimum.  Under 21 U.S.C. § 841(b)(1)(A), Lee's sentence is subject to a ten-year minimum, unless he qualifies for the safety valve reduction.  As discussed above, Lee does not qualify for the safety valve.  Thus, the Court cannot sentence him to a term of less than 120 months.

### III. THE COURT WILL DEVIATE UNDER UNITED STATES V. BOOKER FROM THE PROPOSED GUIDELINE RANGE.

Lee requests that, even if he is not eligible for the safety valve, the Court deviate from the Guidelines range and sentence him to the statutory minimum.  The Court has fully considered the applicable sentencing range based on the United States Sentencing Guidelines.  In light of other sentencing goals, such as the seriousness of the offense, promoting respect for the law, providing just punishment, affording adequate deterrence, protecting the public, effectively providing the defendant with needed medical care, and otherwise fully reflecting each of the factors embodied in 18 U.S.C. § 3553(a), the Court declines to impose a sentence within the range proscribed by the Sentencing

Guidelines. The Court will impose a reasonable sentence that, although it varies from the Guidelines, will more effectively promote the sentencing goals outlined in 18 U.S.C. § 3553(a).

In this case, Lee's sentence is subject to a ten-year minimum sentence under 21 U.S.C. § 841(b)(1)(A). Congress' statutory minimum is adequate for this crime and for this Defendant. One of the factors considered by the Court is "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(6). One of Lee's co-Defendants, Ellis, who was in the car with Lee and who was arrested at the same time as Lee, see PSR ¶ 116, at 29, was eligible for the safety valve and received a sentence of 87 months. See Judgment at 1 (filed November 19, 2004). At the sentencing hearing, however, the United States acknowledged that Lee and Ellis were of similar culpability in terms of the drug trafficking crime for which they were arrested. See Transcript of Hearing at 11:14-17; id. at 19:4-15. While the Court believes that Lee should serve a longer sentence because he possessed a firearm in connection with the drug trafficking offense, the difference between Ellis' sentence and the Guidelines sentence creates too great of a disparity between defendants who are otherwise of equal culpability. The difference between Lee's sentence of a statutory minimum of 120 months and Ellis' sentence of 87 is sufficient, but not greater than necessary, to more effectively promote the sentencing goals that 18 U.S.C. § 3553(a) outlines. The Court believes a sentence of 120 months is reasonable and will more effectively promote the sentencing goals outlined in 18 U.S.C. § 3553(a). The sentence is sufficient, without being greater than necessary, to comply with the purposes set forth in the Sentencing Reform Act.

**IT IS ORDERED** that Defendant Toby Jerome Lee's request for the safety valve reduction is denied. The Defendant's request for a deviation from the Guidelines sentence, however, is granted,

and the Court will impose a sentence of 120 months.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

David C. Iglesias
  United States Attorney
    for the District of New Mexico
Erlinda Johnson
  Assistant United States Attorney
Albuquerque, New Mexico

    *Attorneys for the Plaintiff*

Thomas J. Clear
Clear & Clear, P.A.
Albuquerque, New Mexico

    *Attorney for Defendant Toby Jerome Lee*

Richard McClarkin
Albuquerque, New Mexico

    *Attorney for Defendant Sunsarae Denise Ellis*